THE UNITED STATES, APPELLANTS V. CHARLES SETON, APPELLEE.

Under a grant of the governor of Florida, prior to the cession of the same to the United States, of sixteen thousand acres of land, for the purpose of erecting a water-mill, a survey of five hundred and twenty acres was made, and at another place a survey of fifteen thousand six hundred and thirty acres was also made. The court held, that the first survey of five hundred and twenty acres was valid, and that the survey of fifteen thousand four hundred and eighty acres was invalid; but that the grantee has a title to fifteen thousand four hundred and eighty acres of vacant land; which he has a right to have surveyed, adjoining the survey of five hundred and twenty acres.

APPEAL from the superior court for East Florida.

This was a claim to land in East Florida, under a concession made by Don Jose Coppinger, governor of the province of East Florida, then under the dominion of the king of Spain, on the 6th day of May 1816, to Charles Seton the claimant. The claimant, on the 26th day of April 1816, applied by petition to governor Coppinger for leave to build a water saw-mill on Nassau river, in East Florida, at a place called Roundabout, and for the right to the quantity of land which was customary for his supply of timber.

On the 8th of May following, the governor, in consideration (as he states in his decree made on said petition) of the benefit and utility which would redound to the improvement of the province, if what Don Charles Seton proposed, should be carried into effect; granted to him, without injury to a third person, that he might build a water saw-mill at the place which he solicited; but, with the precise condition, that until he should establish said mill, said concession should be considered as not made, and without any value or effect, until that event took place. That then, in order that he might not be injured by the increased expenses which he was preparing to incur; he might make use of the pine trees which were included in the square of five miles which he asked for.

Fifteen thousand six hundred and thirty acres of this land were surveyed by George J. F. Clarke, public surveyor of the province, agreeably to the calls of the concession, on the 1st of November 1816, which is stated in the petition to be adjoining to a tract of three hundred and seventy acres, which had been before surveyed by said

Clarke, as a part of said sixteen thousand acres; but it is alleged, that the certificate and plat of the three hundred and seventy acres, have been mislaid or lost. The claimant also alleges in the petition that, in the year 1817, he completed the building of said saw-mill, and that it was for some time in full operation.

The district attorney, by his answer, filed on behalf of the United States, denies the power of the governor to make the concession; and insists that if he did possess competent power to make it, and if the condition was complied with, it gives to Seton no right of soil, but only a right to " use the pine trees which were comprehended in the square of five miles which he asked for ;" and that only while the mill was in operation : and that for several years past, Seton has entirely failed and neglected to keep the mill in operation, by which failure and neglect he has lost all right, even to the use of the pine trees.

This claim is evidenced by a copy of the concession, certified by Thomas de Aguilar, late secretary of the government of this province, and by a duly certified copy of the survey and plat for fifteen thousand six hundred and thirty acres. A duly certified copy of another survey and plat, made by said Clarke on the 16th of May 1816, for five hundred and twenty acres, at the place called Roundabout, was also produced.

It is in evidence that Seton built the mill in the year 1817 or 1818 (for the witnesses differ on this point), but all agree that it has not been in operation since 1819.

Upon this state of the case, three questions were submitted in the court below :

1st. Had the governor power to make the grant ?

2d. If he had, what interest vested in Seton upon the establishment of the mill?

3d. Does that interest, whatever it was, continue ? or did it cease with the destruction of said mill ?

The claim was confirmed : the first question being considered as settled, and the court being of opinion that, upon the establishment of the mill, a full and complete title to the land itself vested in Seton, to which he is entitled, notwithstanding his neglect to keep it in operation. The United States appealed from this decree.

The case was argued by Mr Butler, attorney-general, for the United States; and by Mr White, for the appellee.

Mr Butler stated, that if the court shall consider the grant to the appellee a valid grant, it will be for them to decide whether it shall endure beyond the ground occupied as a mill. Was it not a grant, on a condition subsequent, that the mill shall be kept in order? The grant is not to be understood as giving the trees until the mill was built—no further.

Mr White, for the appellee, asked the attention of the court to the petition, which was for the right to use timber until the mill should be built; and afterwards for a right to the land.

These grants are protected by the provisions of the treaty, which gave three years after it was made to complete the condition. But in this case the mill was built; and what afterwards took place was of no moment.

Mr Justice BALDWIN delivered the opinion of the Court.

This is an appeal from the decree of the judge of the superior court for the eastern district of Florida; confirming the claim of the appellee to sixteen thousand acres of land, pursuant to the acts of congress for the adjustment of land claims in Florida.

In the court below the petition was in due form as prescribed by law, presenting a proper case for the exercise of jurisdiction by the court.

The claim of the petitioner was founded on his application to the governor of East Florida for a grant of sixteen thousand acres of land, for the purpose of erecting a water saw-mill thereon and the supply of timber therefor; which was granted by the governor, in consideration of the benefits which would thereby redound to the province. The grant was made the 16th of May 1816, but with the precise condition, "that until he shall establish said mill, this concession shall be considered as not made, and without any value or effect until that event takes place." The mill was built in 1817, pursuant to this condition, and in due performance thereof. On the 16th of May 1816, a survey of five hundred and twenty acres was made at the place called for by the petition and grant; another survey of the residue of sixteen thousand acres was surveyed at another place on the 16th of November 1816; the first survey was declared valid by the court below, the second was rejected. The claim was adjudged valid, and the survey of the residue of the land directed to be made at the place called for in the grant. On an inspection of the whole

record, we are of opinion that the title of the petitioner is valid to the five hundred and twenty acres surveyed at the place called for by the grant, and not valid as to the survey of fifteen thousand six hundred and thirty acres; but that his title is valid to fifteen thousand four hundred and eighty acres of vacant land which he has a right to have surveyed, adjoining the said survey of five hundred and twenty acres, according to the decree of the court below. Their decree is, therefore, affirmed.

This cause came on to be heard on the transcript of the record from the superior court for the district of East Florida, and was argued by counsel; on consideration whereof, it is ordered, adjudged and decreed by this court, that the decree of the said superior court for the district of East Florida in this cause be, and the same is hereby affirmed.